UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


KENDRA D. LYLES

    Plaintiff,

v.                                      CASE NO. 3:05-cv-486-J-16HTS

JOHN E. POTTER, et al.,

    Defendants.
_____

### O R D E R

This cause is before the Court on the application to proceed *in forma pauperis* contained in the Affidavit of Indigency (Doc. #3; Application), filed on May 26, 2005. Upon examination of the Civil Complaint (Doc. #1; Complaint), filed on May 26, 2005, the Court has determined the suit may be subject to dismissal.[1]

### Discussion

Under 28 U.S.C. § 1915(a), courts may permit a litigant to proceed *in forma pauperis* (IFP) if the litigant avers in an affidavit that he or she is unable to bear the fees and costs

---

[1] The Complaint makes allegations substantially similar to those contained in the Civil Complaint (Doc. #1; Other Complaint) filed by Ms. Lyles in case number 3:05-cv-150-J-25HTS. That case was dismissed by an Order (Doc. #15) on June 9, 2005. The Complaint suffers from the same deficiencies as the Other Complaint. Thus, the Court has replicated instructions given to Ms. Lyles in the prior case.

concomitant with a lawsuit.  "'[A]n important adjunct of that license is the leave afforded the district courts under section 1915(d) to *sua sponte* dismiss IFP proceedings if the suit is "frivolous or malicious."'"[2] *Jordan v. City of Miami, Dep't of Police*, 720 F. Supp. 1543, 1543 (S.D. Fla. 1989) (quoting *Harris v. Menendez,* 817 F.2d 737, 738 (11th Cir. 1987)).  "For purposes of § 1915(e)(2)(B)(i), an action is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citation omitted).  Additionally, the statute requires the Court to dismiss the case if it determines the action "fails to state a claim on which relief may be granted[.]"  28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff has named John E. Potter as a Defendant, along with more than forty individuals.  Complaint at 1.  Despite her creation of a long list of people she wishes to sue, Plaintiff fails in the Complaint to identify which Defendants are claimed to have taken the various actions charged.

In addition, Ms. Lyles does not specify Defendants' status in relation to her.  This is problematic since she brings her claims "pursuant to Title VII of the Civil Rights Act of 1964[.]"  *Id.* "Title VII imposes liability only on the actual employer, and not the individual employees whose actions would constitute a violation

---

[2] The principles enumerated in § 1915(d) of the old version of 28 U.S.C. § 1915 are now located in § 1915(e).

of the Act." *McDaniel v. Fulton County School Dist.*, 233 F. Supp. 2d 1364, 1374 (N.D. Ga. 2002); *see also Parsons v. Nationwide Mut. Ins. Co.*, 889 F. Supp. 465, 468 (M.D. Fla. 1995) (Eleventh Circuit "does not recognize individual liability for Title VII claims"). Plaintiff does not specify which Defendants were her actual employer, and she will not be granted leave to proceed *in forma pauperis* against individuals not subject to suit under Title VII.

In light of the foregoing, the Application (Doc. #3) is hereby taken under advisement for eleven (11) days from the date of this Order to afford Plaintiff an opportunity to file an amended complaint. The amended complaint should include only Defendants potentially liable for Plaintiff's claims. Further, it must be a separate, self-contained document that does not refer back to the original pleading. At a minimum, it should contain "a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . a short and plain statement of the claim showing that the pleader is entitled to relief, and . . . a demand for judgment for the relief the pleader seeks." Rule 8(a), Federal Rules of Civil Procedure.[3] In formulating her new pleading, Ms. Lyles should consult the Step-by-Step guide previously sent to her in connection with case number 3:05-cv-150-J-25HTS. In addition, she should include in her amendment information about any charges

---

[3] From the text of the Complaint, it is unclear what specific facts Plaintiff complains of. In her amended pleading, she should inform the Court of the underlying facts on which the suit it based in several simple and concise sentences.

that were filed with the Equal Employment Opportunity Commission and any Right to Sue letter issued by that agency. Failure to file an amended complaint within the specified time period may result in a recommendation that this action be dismissed for failure to prosecute. *See* Rule 3.10(a), Local Rules, United States District Court, Middle District of Florida.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of June, 2005.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record
    and *pro se* parties, if any